INHABITANTS OF EDEN, Petitioners,

*vs.*

COMMISSIONERS OF HANCOCK COUNTY.

Hancock. Opinion October 23, 1891.

*Way. Appeal. Damages. County Commissioners. R. S. c. 18, §§ 7, 8, 19; Stat. 1885, c. 359, § 7.*

In an appeal to the county commissioners, by a land owner, from the location of a town way duly laid out by the selectmen and accepted by the town, the record of the commissioners sufficiently shows that they acted within their jurisdiction when, after stating a compliance with all other requirements of the statute, it recites that they, " do confirm the action of the selectmen in laying out said way."

In such case, when the land owner appealing from the location had no damages awarded him by the town, the county commissioners have jurisdiction over the subject of damages; and their award of damages to him is valid.

ON REPORT.

The case is stated in the opinion.

*Deasy and Higgins,* for petitioners.

No appeal from estimate of damages lies to the county commissioners, since Stat. 1885, c. 359, this being the sole appellant court. Their return should show that they acted " as is provided respecting highways," on Roberts' petition to annul selectmen's proceedings, or be allowed damages. Return must disclose the facts on which jurisdiction is founded. *Small* v. *Pennell,* 31 Maine, 267 ; *State* v. *Pownal,* 10 *Id.* 24 ; *Plummer* v. *Waterville,* 32 *Id.* 566 ; *Orrington* v. *Co. Com.* 51 *Id.* 572. Want of preliminary adjudication that the road is of common convenience or necessity, is fatal. *Cushing* v. *Gay,* 23 Maine,

15 ; *Pownal* v. *Co. Com.* 63 *Id.* 102 ; *Goodwin* v. *Co. Com.* 60 *Id.* 328. Return contains no description of way. *R. R. Co.* v. *Co. Com.* 65 Maine, 292. Having acted without jurisdiction certiorari will issue as a matter of right. *White* v. *Co. Com.* 70 Maine, 325, and cases cited, *Hayford* v. *Co. Com.* 78 *Id.* 153. Appeal vacates the laying out by selectmen, and there is no legal location of the way. *Winslow* v. *Co. Com.* 31 Maine, 444 ; *Atkins* v. *Wyman*, 45 *Id.* 399 ; *Hunter* v. *Cole*, 49 *Id.* 556 ; *Tarbox* v. *Fisher*, 50 *Id.* 236.

*W. P. Foster*, for defendants.

The change in 1885 providing a direct method of appeal to this court does not by implication repeal the old remedy. That is still open. The act of 1885 simply provided a new and more direct method of coming to this court, when damages are the sole question. The legislature gave rights, it did not take them away. It does not place additional burdens upon the petitioner, obliging him to prosecute suits in two tribunals, or take away jurisdiction from the commissioners. They are to act thereon "as is provided respecting highways," *i. e.* state in their return "the names of the persons to whom damages are allowed, the amount allowed to each, and when to be paid,"—with the petitioner's right to appeal from them.

No substantial injustice has been done. *Water Co.* v. *Co. Com.* 112 Mass. 212. Counsel also cited : *Levant* v. *Co. Com.* 67 Maine, 429, and cases cited ; *Kingman* v. *Co. Com.* 6 Cush. 307 ; *Wright* v. *Tukey*, 3 Cush. 290.

LIBBEY, J. The town of Eden, in its petition for a writ of certiorari, assigns three reasons why the writ should be granted.

1. "Because said county commissioners awarded damages to said Roberts, having no jurisdiction over the question of damages and no authority by law to act thereon.

2. "Because said commissioners did not act upon said petition of the said Tobias L. Roberts as is provided in § 19, c. 18, R. S., of Maine, *i. e.* 'as is provided respecting highways ;' but simply confirmed the action of the selectmen in the laying out of said way.

3. "Because said commissioners did not in their return adjudge the road described in said petition to be of common convenience and necessity, thus failing to show their jurisdiction."

We shall first consider the second and third reasons assigned, because they deny the jurisdiction of the county commissioners to act on the appeal of Roberts. These reasons are substantially alike, and the ground assigned for want of jurisdiction is that the commissioners did not adjudge the way to be of common convenience and necessity before establishing it.

We think there is no ground for this objection. The road was legally located by the selectmen of the town ; they reported their doings to the town, which duly accepted it. It is admitted that the road was legally located. Roberts, over whose land it was located, duly appealed to the county commissioners, and on proceedings duly had by them, they report that they "do confirm the action of the selectmen in the laying out of said way." This is sufficient. It affirms all that it is necessary for the selectmen to affirm in locating a town way.

We think the first objection is not well taken. We are of opinion that under our statutes as they existed when the appeal was taken, the county commissioners have jurisdiction over the subject of damages on an appeal from a refusal to locate by the selectmen, or from a location by the town. An appeal from a location vacates the action of the town. If a town way is duly located by the town, and no appeal taken from the location, a party aggrieved by the estimate of damages may make his application to the Supreme Judicial Court and have them assessed as in R. S., c. 18, § 8. But an appeal from the location vacates the action of the town and confers jurisdiction on the commissioners to act as provided respecting highways. R. S., c. 18, § 19. One of their duties in locating highways is to estimate the damages sustained by one whose land is taken. *Id.* § 7. While the way located by the commissioners is a town way, it exists by their action and the record of it must be made and remain in their court. Their action is not certified to the town clerk for record, and the town cannot discontinue it for five years. *White* v. *Co. Com.* 70 Maine, 317. By

section 19 as amended by act of 1885, c. 359, § 7, when the decision of the commissioners is returned and recorded, any party interested has the same right of appeal to the Supreme Judicial Court as is provided in location of highways, and also to have his damages estimated as provided in § 8. In case of location of the way, on appeal from refusal of the selectmen to locate, if the commissioners have no jurisdiction over the subject of damages, there would be no estimate of damages or refusal to estimate by a tribunal having jurisdiction from which an appeal could be taken as provided in § 8. We are not aware that this precise question has been before this court; but we think a fair construction of the statutes referred to gives jurisdiction over the subject of damages to the county commissioners.

But if this is not so, we think the estimate of damages to Roberts, furnishes no ground for issuing the writ. The commissioners had jurisdiction to make the location, and did make it. If they went out of their jurisdiction and awarded damages, the estimate is merely void and ought not to set aside the location. The town cannot justly ask it. *White* v. *Co. Com.* 70 Maine, 317.

*Writ denied.   Costs for respondents.*

PETERS, C. J., VIRGIN, EMERY, FOSTER and HASKELL, JJ., concurred.